## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN CIVIL LIBERTIES UNION OF
MASSACHUSETTS, INC. and AMERICAN
OVERSIGHT,

                        Plaintiffs,

     v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                        Defendant.

Civil Action No. _____

**COMPLAINT**

## COMPLAINT

1.      Plaintiffs American Civil Liberties Union of Massachusetts, Inc. ("ACLUM")

and American Oversight bring this action against U.S. Immigration and Customs Enforcement

("ICE") under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to

compel ICE to comply with the requirements of FOIA.

2.      The request at issue was submitted in November 2019, yet ICE has never

produced any responsive records. The request concerns ICE's apparent efforts to leverage the

threat of prosecution to influence Massachusetts judges to assist in federal immigration

enforcement in and around Massachusetts courthouses.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

4.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5.      As described further below, ACLUM and American Oversight have exhausted their administrative remedies to the extent required by law and are entitled to a judgment enjoining ICE to search for and produce responsive, non-exempt records.

## PARTIES

6.      Plaintiff ACLUM is a Massachusetts non-profit corporation with its principal place of business in Boston, Massachusetts. ACLUM's mission is to defend freedoms guaranteed in the Constitution and Bill of Rights and to educate the public about civil liberties and civil rights. ACLUM is committed to principles of transparency and accountability in government. Obtaining information about government activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of ACLUM's work and one of its primary activities.

7.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

8.      Defendant ICE is a component of the U.S. Department of Homeland Security, a department of the executive branch of the U.S. government and an agency of the

federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE is headquartered in Washington, DC. ICE has possession, custody, and control of the records that Plaintiffs seek.

## STATEMENT OF FACTS

9.     On or about April 25, 2019, a federal indictment charged Massachusetts Judge Shelley M. Richmond Joseph and Massachusetts Court Officer Wesley MacGregor with conspiracy to obstruct justice, obstruction of justice, and obstruction of a federal proceeding (the "Indictment").[1]

10.     The Indictment alleged, in summary, that, on April 2, 2018, Judge Joseph and Officer MacGregor permitted a defendant in the Newton District Court to leave the building via a rear exit, notwithstanding the fact that an ICE officer wished to arrest the defendant near the front exit.

11.     The Indictment implicates intense and ongoing public debate and litigation into whether ICE can lawfully conduct civil arrests of litigants and witnesses in and around Massachusetts courthouses, and into whether ICE can lawfully compel Massachusetts court officials to assist in this practice.

12.     On November 16, 2019, the *New York Times* published an article concerning the prosecution of Judge Joseph and Officer MacGregor entitled "When the Judge Became the Defendant."[2] In the Article, the *Times* reported, among other things, that Thomas D.

---

[1] Officer MacGregor was also charged with perjury.
[2] Ellen Barry, *When the Judge Became the Defendant*, N.Y. TIMES, Nov. 16, 2019, https://www.nytimes.com/2019/11/16/us/shelley-joseph-immigration-judge.html?smid=nytcoreios-share.

Homan, who was the acting director of ICE at the time of the events alleged in the

Indictment, had stated:

    a.  That Mr. Homan "heard about [the event alleged in the Indictment] the same day it happened";

    b.  That Mr. Homan was informed of those events by then-Director of Enforcement Removal Operations Matthew Albence;

    c.  That Mr. Homan immediately began asking about legal recourse and "asked 'is there a legal action I could take?'";

    d.  That Mr. Homan believed "[w]e've got to find a U.S. attorney who is willing to indict," and that he "talked to [his] legal" staff about doing this; and

    e.  That his "legal staff" said "it would be up to the U.S. attorney's office" whether to proceed.

13.    On November 18, 2019, ACLUM and American Oversight submitted a

FOIA request to ICE (the "Request").  The Request sought the following records from

March 15, 2018 through April 25, 2019:

    a.  All communications (including emails, email attachments, calendar invitations, text messages, letters, memoranda, or other communications) of the following ICE officials concerning Judge Joseph, Officer MacGregor, and/or the events alleged in the Indictment:

        i.  Thomas Homan, Former Acting Director, or anyone communicating on his behalf, such as an assistant or scheduler

        ii.  Matthew Albence, Acting Director, Former Deputy Director, and Former Executive Associate Director for ERO, or anyone communicating on his behalf, such as an assistant or scheduler

        iii.  Ronald Vitiello, Former Acting Director and Former Deputy Director, or anyone communicating on his behalf, such as an assistant or scheduler

        iv.  Thomas Blank, Former Chief of Staff

        v.  Tracy Short, Principal Legal Advisor

        vi.  Jon Feere, Senior Advisor

        vii.  Nathalie Asher, Executive Associate Director of ERO

    b.  All records concerning any investigation by ICE of Judge Joseph, Officer MacGregor, and/or the events alleged in the Indictment, including but not limited to any notes, reports, and memoranda.

      c.   All records of final guidance, directives, or instructions provided by ICE to [then-U.S. Attorney for the District of Massachusetts Andrew] Lelling or his staff concerning Judge Joseph, Officer MacGregor, and/or the events alleged in the Indictment.

14.      A true and accurate copy of the Request is appended hereto as Exhibit A.

15.      On November 19, 2019, ICE sent an email acknowledging its receipt of the Request. ICE assigned the Request tracking number 2020-ICFO-08860.

16.      A true and accurate copy of ICE's November 19, 2019 email to Plaintiffs concerning the Request is appended hereto as Exhibit B.

17.      ICE's November 19, 2019 email also informed Plaintiffs that ICE had determined that it would be unable to initiate a search for responsive records because "DHS regulations require, in the case of third party information requests, a statement from the individual verifying his or her identity and certifying that individual's agreement that records concerning him or her may be accessed, analyzed and released to a third party." Ex. B (citing the Privacy Act at 6 C.F.R. § 5.21(f)).

18.      By email dated November 25, 2019, Plaintiffs responded to the ICE FOIA Office, stating that it disagreed that the FOIA request fell within the provisions of the Privacy Act such that a third party authorization was necessary, since "emails, text messages, and other communications from an agency's general archives are ordinarily not understood to constitute 'records' in a 'system of records' subject to the Privacy Act."

19.      A true and accurate copy of Plaintiffs' November 25, 2019 email to ICE is appended hereto at Exhibit C.

20.      By letter dated January 21, 2020, the ICE Office of the Principal Legal Advisor confirmed receipt of Plaintiffs' November 25, 2019 email, and treating it as an appeal, assigned it appeal tracking number 2020-ICAP-00162.

21.     A true and accurate copy of ICE's January 21, 2020 letter to Plaintiffs is appended hereto as Exhibit D.

22.     On February 20, 2020, the ICE Office of the Principal Legal Advisor ruled, in summary, that a search could be made, and remanded the appeal to the ICE FOIA Office for processing.

23.     A true and accurate copy of ICE's February 20, 2020 decision is appended hereto as Exhibit E.

24.     Since February 2020—more than a year ago—ICE has not provided Plaintiffs with any further information about the status of the Request.

25.     As of the date of this complaint, ICE has not provided Plaintiffs with any records responsive to the Request.

26.     On information and belief, as of the date of this complaint, ICE has not conducted any search for records responsive to the Request.

27.     As of the date of this complaint, ICE has failed to (a) notify Plaintiffs of any determinations regarding their remanded Request, including the full scope of any responsive records ICE intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

28.     In light of ICE's prolonged inaction and failure to make determinations on Plaintiffs' requests within the time period required by law, ACLUM and American Oversight have exhausted their administrative remedies and seek immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

29.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

30.     Plaintiffs properly requested records within the possession, custody, and control of ICE.

31.     ICE is an agency subject to FOIA.

32.     ICE must therefore, in response to a FOIA request, conduct a reasonable search for responsive records, release any non-exempt records or portions of records, and provide a lawful reason for withholding any records or portions of records.

33.     On information and belief, ICE has failed to search for records responsive to the Request.

34.     ICE has failed to release any records responsive to the Request.

35.     ICE has failed to segregate information in otherwise non-exempt records responsive to the Request.

36.     ICE has failed to demonstrate any lawful reason for withholding records responsive to the Request.

37.     ICE's failures to conduct adequate searches for responsive records and to produce all non-exempt responsive records violate FOIA.

38.     Plaintiffs are therefore entitled to injunctive relief requiring ICE to promptly search for and produce all non-exempt records responsive to the Request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT II
### Declaratory Relief, 28 U.S.C. §§ 2201 and 2202

39.    Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

40.    Plaintiffs are entitled to declaratory relief requiring ICE to promptly search for and produce all non-exempt records responsive to the Request.

## REQUESTED RELIEF

WHEREFORE, ACLUM and American Oversight respectfully request the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to the Request;

(2) Order Defendant to produce forthwith any and all non-exempt records responsive to the Request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the Request;

(4) Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.


Dated: May 10, 2021                          Respectfully submitted,

                                             */s/ Krista Oehlke*
                                             Krista Oehlke (BBO #707566)
                                             Daniel L. McFadden (BBO #676612)
                                             Matthew R. Segal (BBO #654489)
                                             American Civil Liberties Union

Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
koehlke@aclum.org

*Counsel for Plaintiff American Civil Liberties
Union of Massachusetts, Inc.*



*/s/ Katherine M. Anthony*
Katherine M. Anthony (BBO #685150)
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
katherine.anthony@americanoversight.org

*Counsel for Plaintiff American Oversight*