UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN OVERSIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>Defendant. | C.A. No. 1:21-cv-10761-NMG |

**JOINT STATEMENT**

Pursuant to Local Rule 16.1, Plaintiffs American Civil Liberties Union of Massachusetts ("ACLUM") and American Oversight ("AO") (collectively, the "plaintiffs") and Defendant United States Immigration and Customs Enforcement ("ICE") hereby submit this joint statement and proposed schedule for the litigation.

This FOIA case arises from a request for records submitted by the plaintiffs to ICE on November 18, 2019 (the "Request"). *See* Complaint ¶13 & Ex. A (request). To date, ICE has not produced any responsive records to the plaintiffs.

The parties have been conferring since late June regarding the status and proposed schedule for this litigation. On July 9, the parties met telephonically to discuss the matter further, and agreed to the proposed schedule set forth below. In summary, ICE reports that it has now conducted a search for responsive records. ICE has agreed to produce the records and/or portions of records it contends are responsive and non-exempt by August 9. ICE has also agreed to provide the plaintiffs with a description of its search process on that date.

Upon receipt of the records and other information on August 9, the plaintiffs will review the materials, and the parties propose to confer in an attempt to resolve any remaining disputed

issues by September 10, 2021. Because the plaintiffs are not presently aware of the parameters of ICE's search or the scope of any proposed withholding of responsive documents, the plaintiffs reserve all rights to contest those issues. As a FOIA action, adjudication through summary judgment, without prior discovery, is the typical avenue for disposition of FOIA claims. *See Elkins v. Fed. Aviation Admin.*, 103 F. Supp. 3d 122, 132 (D.D.C. 2015). However, Plaintiffs reserve all their rights to seek from this Court discovery at a later time.[1] *See, e.g.*, *ACLUM v. ICE*, 448 F. Supp. 3d 27, 45 (D. Mass. 2020) (Sorokin, J.) (denying ICE's summary judgment motion regarding search adequacy and ordering "limited focused discovery" to allow ACLUM to ascertain whether ICE's search was reasonable).

Accordingly, the parties jointly propose the following schedule:

- <u>August 9, 2021</u>: ICE produces to the plaintiffs:
    - Those records and/or portions of records which ICE contends are non-exempt and responsive to the Request; and
    - A description of ICE's search process in response to the Request.

- <u>No later than August 23, 2021</u>: Plaintiffs provide ICE with a list of disputed issues, if any, concerning ICE's search and production to date.

- <u>No later than September 10, 2021</u>: Parties meet and confer in an effort to resolve any disputes.

- <u>October 25, 2021</u>: ICE files its motion for summary judgement, including a *Vaughn* index, concerning any issues that remain disputed.

- <u>November 15, 2021</u>: Plaintiffs file their opposition to ICE's summary judgment and any cross-motion for summary judgment.

- <u>November 29, 2021</u>: ICE files its summary judgment reply and cross-opposition.

- <u>December 13, 2021</u>: Plaintiffs file their summary judgment cross-reply.

---

[1] Defendants do not believe discovery is appropriate in FOIA cases and any request by Plaintiffs will be left to the sound discretion of this Court with Plaintiffs having to carry its burden for such relief. *See Ford v. DOJ,* No. 07-cv-1305, 2008 WL 2248267, at * 8 (D.D.C. May 29, 2008) (explaining that "it is plaintiff's burden in challenging the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search.").

- December 2021/January 2022: Summary judgment hearing on a date convenient for the Court.

Dated: July 20, 2021                                              Respectfully submitted,

FOR THE PLAINTIFFS,                                   FOR THE DEFENDANTS,

/s/ Krista Oehlke                                                  NATHANIEL R. MENDELL
Krista Oehlke (BBO #707566)                            United States Attorney
Daniel L. McFadden (BBO #676612)
Matthew R. Segal (BBO #654489)
American Civil Liberties Union              By:     /s/ Michael Sady
Foundation of Massachusetts, Inc.                    Michael Sady
211 Congress Street                                           Assistant U.S. Attorney
Boston, MA 02110                                             1 Courthouse Way, Suite 9200
(617) 482-3170                                                    Boston, MA  02210
koehlke@aclum.org                                           (617) 748-3100
                                                                              michael.sady@usdoj.gov

*Counsel for Plaintiff American Civil Liberties Union of Massachusetts, Inc.*


/s/ Katherine M. Anthony
Katherine M. Anthony (BBO #685150)
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
katherine.anthony@americanoversight.org

*Counsel for Plaintiff American Oversight*