UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and AMERICAN OVERSIGHT<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>Defendant. | D. Mass No. 21-10761-NMG |

## SECOND SUPPLEMENTAL DECLARATION OF LYNNEA SCHURKAMP

### I.   INTRODUCTION

I, Lynnea Schurkamp, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Deputy FOIA Officer in the Freedom of Information Act Office (the "ICE FOIA Office") at U.S. Immigration and Customs Enforcement ("ICE"). The ICE FOIA Office is responsible for processing and responding to all requests for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, received at ICE. I have held this position since August 1, 2021. I am the ICE official responsible for supervising ICE responses to requests for records in litigation that fall under the FOIA, 5 U.S.C. § 552. Prior to this position, I was the Assistant Disclosure Officer of the U.S. Secret Service FOIA Office from July 21, 2019 to July 31, 2021. Prior to that I was the FOIA Program Manager/Litigation Coordinator for the National Organic Program in the Agricultural Marketing Service, U.S. Department of Agriculture ("USDA") for one year.

1

2.      My official duties and responsibilities include the oversight and supervision of the ICE FOIA Litigation Team, which is responsible for reviewing and producing records for ICE FOIA requests when a complaint has been filed with a court. The Litigation Team will conduct a search, gather responsive records, review records for responsiveness, process productions, and release records with applicable withholdings to the plaintiff or plaintiff's counsel. The team is comprised of a Supervisory Paralegal and Paralegal Specialists. Due to my experience and the nature of my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act.

3.      The ICE FOIA Office has been responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received by ICE since January 17, 2010.

4.      The purpose of this second supplemental declaration is to provide the Court with additional information regarding ICE's searches in the instant lawsuit. Specifically, the Court stated that "ICE alleges that it sent a records retention notice upon receipt of the Request, but the affidavit otherwise does not provide the level of detail required for the Court to conclude that ICE was reasonable in declining to collect text messages from the mobile devices of the named custodians."[1]

5.      Further, the Court instructed ICE to (1) file a supplementary affidavit explaining in detail its retention practices for Homeland Security Investigations (HSI) records and the basis for its decision not to conduct additional searches for HSI records, or (2) conduct a search of HSI records with the terms of this Order and 3) to conduct additional Relativity searches with the

---

[1] *See* Memorandum and Order on Cross Motions for Summary Judgment, Doc..48, LR, D. Mass., 21-cv-10761-AK, June 3, 2022, at p.14.

terms "judge w/5 Newton" and "court w/5 Newton," applied to the population of documents collected from the Office of the Chief Information Officer (OCIO).

6. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

## II. ICE'S EXPLANATIONS RELATING TO RECORDS RETENTION NOTICE

7. This Court's Order specifically stated that "ICE alleges that it sent a records retention notice upon receipt of the Request."[2] To clarify, to the extent the term "records retention notice" is used in the opinion to mean the type of litigation holds that are routinely issued in other types of non-FOIA civil litigations prior to discovery, ICE does not have a policy or practice of issuing litigation holds in FOIA litigations. Rather, as explained in paragraph 24 of my initial Declaration dated December 14, 2021, upon the filing of the instant lawsuit, ICE FOIA issued a "search tasker" to OCIO, directing it to retrieve the electronic inboxes of the specified custodians during the relevant timeframe.[3] This "search tasker" alerts the program office that records are being requested under the FOIA.

## III. ICE'S EXPLANATION RELATING TO SEARCH OF TEXT MESSAGES

8. In addition to the two previously filed declarations addressing the DHS policy regarding the text messages, ICE simultaneously provided a separate declaration from Richard

---

[2] *Id*. at p.14.)
[3] OCIO, is the office that stores electronic data including emails, and thus the office most likely to have responsive records relating to the requested information. *See* In Defendant's Statement of Material Facts in Support of Defendant's Motion for Summary Judgement, Declaration of Lynnea Schurkamp, Doc.27-1, December 14, 2021, at ¶24.

3

Clark, Chief Technology Officer (CTO) within OCIO to address why ICE was unable to conduct searches for text messages.

9. My previous declarations both referenced the DHS Policy Directive 141-03 (Electronic Records Management Updates for Chat, Text, and Instant Messaging) that was issued on February 23, 2018, which explicitly prohibits ICE employees from using technology platforms (i.e. chats, apps, SMS etc.) as repositories for retaining federal records. *See* Exhibit A

10. DHS Policy Directive 141-03 provides instructions on how individuals can preserve data should any records be created inadvertently using chat, text, or instant messaging. Specifically, the directive states that the [individual][should] "Write a memo to the file. Be sure to include Date and time of the communication; Type of communication (e.g., text, voicemail, telephone call); Context of the message or conversation (electronic messages); Participants; Subject; Details on any decisions or commitments (verbal communications); Corresponding threads that precede a communication and provide more background."[4]

11. Below, I explain in detail ICE's attempts to locate text messages, should they exist, of two of the devices assigned to two of the named custodians in Plaintiffs' FOIA Request.

## IV. SEARCH OF NATHALIE ASHER AND JON FEERE CELL PHONES

12. Pursuant to the Court's June 3, 2022 Order, it was determined that the Office of Professional Responsibility (OPR) was in possession of Nathalie Asher's device.

13. OPR promotes public trust and confidence in ICE by ensuring organizational integrity is maintained through a multi-layered approach utilizing security, inspections, and investigations. OPR is responsible for investigating allegations of employee misconduct impartially, independently, and thoroughly. OPR prepares comprehensive reports of

---

[4] *See* DHS Policy Directive 141-03 Electronic Records Management Updates for Chat, Text, and Instant Messaging, February 03, 2018, Page 2.

4

investigation for judicial or management action.  OPR inspects and reviews ICE offices, operations, and processes in order to provide executive management with an independent review of the agency's organizational health and assess the effectiveness and efficiency of the overall ICE mission.  Additionally, OPR screens potential ICE employees for character and suitability.

14. OPR conducted a manual search of Nathalie Asher's mobile phone, using the date range of March 15, 2018, through April 25, 2019, and searched for any text messages between Natalie Asher and other custodians named in Plaintiffs' FOIA Request concerning any investigation by ICE of Judge Joseph, Officer MacGregor, and/or the events alleged in the Indictment.  The search did not locate any potentially responsive records.

15. Regarding Jon Feere's mobile device, ICE has not yet been able to unlock it and respectfully requests 30 days to try and remedy the issue, after which time it will provide the Court with an update.

V. **ICE'S ADDITIONAL SEARCHES OF HSI AND RELATIVITY PURSUANT TO THE COURT'S JUNE 3, 2022, ORDER**

16. Pursuant to the Court's order dated June 3, 2022, the ICE FOIA office tasked HSI to search for any potentially responsive, non-exempt records relevant to your request.

17. ICE is the principal investigative arm of DHS and the second largest investigative agency in the federal government.  Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now employs more than 20,000 people in offices in every state and in 48 foreign countries.

18. According to DHS website, as a component of ICE, HSI is responsible for investigating a wide range of domestic and international activities arising from the illegal movement of people and goods in, within, and out of the United States.  HSI uses its legal

authority to investigate issues such as immigration crime, human rights violations and human smuggling, weapons, and other types of contraband, and financial crimes.  In addition to ICE criminal investigations, HSI oversees the agency's international affairs operations and intelligence functions.  HSI consists of more than 10,000 employees, of which 6,700 are special agents, assigned to offices at ICE Headquarters in Washington, DC, and more than 200 cities throughout the United States and 48 countries around the world.

19.     When HSI receives a FOIA tasking from the ICE FOIA Office, the request is submitted to HSI's Records Disclosure Unit (RDU).  Points-of-contact (POCs) in RDU review the substance of the request.  Based on the subject matter expertise and knowledge of the program offices' activities within HSI, RDU determines whether it can search for records, or whether it is necessary to forward the FOIA request to specific individuals and component offices to conduct searches of their file systems which in their judgment, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any.

20.     Upon receipt of the FOIA request in this case and based on the nature of the Plaintiffs' FOIA request, the RDU POC, relying upon subject matter expertise and knowledge of HSI's activities, tasked the Special Agent (SA) from HSI Boston Field Office, who based on his duties, would be the person most likely to have responsive records relating to the requested information. The SA conducted a search of the information technology (IT) system known as Investigative Case Management (ICM) using search terms responsive to the Plaintiffs' FOIA Request.  ICM serves as the core law enforcement case management tool for ICE Homeland Security Investigations (HSI) agents and personnel supporting the HSI mission.

21. The SA conducted a manual search of his computer as well as advanced search in Outlook using search terms responsive to the Plaintiffs' FOIA Request. The search terms used were: Shelley Joseph; Wesley MacGregor: Thomas Homan; Matthew Albence; Ronald Vitiello; Thomas Blank; Tracy Short; Jon Feere and Nathalie Asher.  The SA located 368 pages of potentially responsive records and referred them to the ICE FOIA office for review and processing.

22. The ICE FOIA office reviewed the 368 potentially responsive records and further determined that all documents will be withheld pursuant to exemption 7(A) of the FOIA. The ICE FOIA Office issued the final response via email on July 11, 2022.

23. In addition, pursuant to the Court's order addressed above, the ICE FOIA office conducted additional Relativity searches with the terms "judge w/5 Newton" and "court w/5 Newton," which were applied to the population of documents collected from OCIO. The ICE FOIA office located 2,836 pages of potentially responsive records. Upon review, the ICE FOIA office determined that all pages were non-responsive and/or duplicative. A final response was issued to Plaintiffs via email on July 11, 2022.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this __18th__ day of August 2022.

_____
Meronica Stoney, Supervisory Paralegal Specialist
On behalf of
Lynnea Schurkamp, Deputy FOIA Officer
Freedom of Information Act Office
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009